IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REBECCA R.,[1]                                              No. 3:24-cv-00094-YY

                Plaintiff,               OPINION AND ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

YOU, Magistrate Judge.

      Plaintiff Rebecca R. seeks judicial review of the Social Security Commissioner

("Commissioner")'s final decision denying her application for disability insurance benefits

("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social

Security Act ("SSA"). 42 U.S.C. §§ 401–33. This court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set

forth below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on May 21, 2018, alleging a disability onset date of August 20, 2018. Tr. 222-32. Plaintiff later amended the onset date for her DIB application to March 31, 2013. Tr. 13-14. The Commissioner denied plaintiff's claim initially, and on reconsideration. Tr. 99-116. Plaintiff filed a written request for a hearing, and a hearing was held before Administrative Law Judge Robert Campbell in December of 2022. Tr. 9-39. The ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 72-98. The Appeals Council denied plaintiff's request for review on November 22, 2023. Tr. 1–6. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and " 'may not affirm simply by isolating a specific quantum of supporting evidence.' " *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld

if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533

F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to

determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520;

*Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180

F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity

since the alleged onset date, January 1, 2017. Tr. 77. At step two, the ALJ found plaintiff had the

following severe, medically determinable impairments: obesity, lumbar and cervical

degenerative disc disease, fibromyalgia, depression, anxiety, and post-traumatic stress disorder

("PTSD"). Tr. 77. At step three, the ALJ found no impairment met or equaled the severity of any

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 78. The ALJ found plaintiff

has the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except
> simple routine work.

Tr. 80.

At step four, the ALJ determined that plaintiff had no past relevant work. Tr. 90. At step

five, the ALJ found that considering plaintiff's age, education, work experience, and residual

functional capacity, jobs exist in significant numbers in the national economy that plaintiff can

perform, such as cashier II, housekeeping cleaner, and merchandise marker. Tr. 91. The ALJ therefore found plaintiff not disabled. Tr. 92.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to incorporate relevant limitations into the RFC, and (2) failing to carry the agency's burden at step five. Pl. Br., ECF 10, at 1.

## I.    Residual Functional Capacity

The RFC is the most a person can do, despite the person's physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia,* medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96–8p, 1996 WL 374184, at *5). "Because the ALJ is responsible for interpreting the evidence and resolving ambiguities, the ALJ's conclusion must be upheld where the evidence is susceptible to more than one rational interpretation." *Dennis v. Colvin*, No. 06:14-CV-00822-HZ, 2015 WL 3867506, at *5 (D. Or. June 20, 2015) (citing *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008) ("ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")).

Plaintiff contends the ALJ improperly formulated the RFC by failing to account for her inability to negotiate more than short and simple instructions and tasks. Pl. Br. 1. Plaintiff argues that because the ALJ found "persuasive" and "credited" Dr. Irmgard Friedburg's opinion that she

could understand only "short" and "simple instructions/tasks," the ALJ should have incorporated those limitations into the RFC. *See* Pl. Br. at 1, 3, 5, 7, 12, 18 (citing Tr. 89, 1352).

An ALJ's job is not to copy and paste medical opinions verbatim into the RFC, but rather to distill what those opinions have to say about the most a plaintiff can do "despite [her] limitations." 20 C.F.R. §§ 404.1545, 416.945. Here, the ALJ formulated an RFC limiting plaintiff to "simple routine work," which reflects a rational interpretation of Dr. Friedburg's opinion, and reconciles that opinion with the remainder of the record. Tr. 80. The ALJ explicitly considered Dr. Friedburg's limitation for "simple instructions" alongside other, milder evidence of mental health limitations, such as plaintiff's "relatively routine course of mental health treatment, the reports of some improvements in symptoms, the observations of mostly intact memory and normal concentration, and being involved in projects to improve/maintain her property." Tr. 80, 84, 90 (citing, e.g., Tr. 459, 464, 466, 474, 476). Ultimately, the ALJ reasonably adopted Dr. Friedburg's opinions and incorporated them into the language of the RFC, taking into account other conflicting aspects of the medical record.

Furthermore, any error, if it exists, is harmless. An error is harmless if it is not prejudicial to the claimant or it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). At step five, the ALJ identified 177,000 jobs plaintiff would be able to perform in the national economy with reasoning level of one. Tr. 91. Reasoning level one jobs (the most restrictive reasoning level) entail only "simple one-or two step instructions," which corresponds directly to the "short" or "simple" instructions limitation in Dr. Friedburg's opinion. Tr. 35, 91; *see also* DOT code 323.687-014 available at 1991 WL 672783 (describing the housekeeping cleaner position). Even if the ALJ had imported Dr. Friedburg's limitation word-for-word into the RFC, there would still

be more than adequate jobs in the national economy to support the ALJ's nondisability finding. Tr. 91.

Plaintiff further argues that the ALJ's opinion should be reversed because this case is "identical" to *Leach v. Kijakazi,* 70 F.4th 1251 (9th Cir. 2023). Pl. Br. at 9. In *Leach*, the Ninth Circuit held that where an ALJ leaves a relevant limitation from the RFC out of hypotheticals posed to the VE, reliance on the resulting VE testimony is harmful error. 70 F.4th at 1254, 1256 (finding the ALJ harmfully erred by omitting the adjective "short" from the RFC's limitation to "short, simple instructions" when posing hypotheticals to the VE). This case is not "identical" to *Leach.* Here, the ALJ posed hypothetical questions to the VE that matched the RFC. *Compare* Tr. 35 *with* Tr. 80. As noted above, the ALJ formulated an RFC that was supported by substantial evidence, and it was not error (under *Leach,* or otherwise) for the ALJ to rely on that RFC when questioning the VE.

## II.    Step Five

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite [her] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); 20 C.F.R § 416.920(g). In making this determination, the ALJ relies on the Dictionary of Occupational Titles (DOT), which is the Social Security Administration's "primary source[ ] of reliable job information" regarding jobs that exist in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R §§ 416.969, 416.966(d)(1). The ALJ relies on the testimony of a vocational expert (VE) to identify specific occupations that a claimant can perform considering her RFC. 20 C.F.R § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

At step five, the ALJ found jobs exist in significant numbers in the national economy that plaintiff can perform, such as cashier II, housekeeping cleaner, and merchandise marker. Tr. 91. Of those, housekeeping cleaner has a reasoning level of one, merchandise marker a reasoning level of two, and cashier II a reasoning level of three. DOT, App. C, 1991 WL 688702. Plaintiff argues the ALJ erred at step five by including a reasoning level three job despite the RFC's limitation to "simple, routine work," and that the ALJ failed to include relevant limitations from Dr. Friedburg's opinion in hypotheticals posed to the VE. Pl. Br. at 13-18.

The ALJ erred at step five, but the error is harmless. When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements above what a claimant can handle based on her RFC—the ALJ is required to reconcile the inconsistency. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). Specifically, when an RFC limits a claimant to "simple, routine, or repetitive tasks" an ALJ must address the apparent conflict between that functioning level and any reasoning level three jobs a VE identifies at step five. *Id.* Here, the VE testified plaintiff could perform the role of cashier II, but the ALJ did not recognize the inconsistency between the RFC and the DOT's description for cashier II, or resolve it. Tr. 90-91. This was error. *Zavalin,* 778 F.3d at 846. As indicated above, however, the error was harmless because the ALJ identified sufficient reasoning level one jobs that fit plaintiff's RFC. Plaintiff does not argue she cannot perform the housekeeping cleaner role. *See* Pl. Br. at 13-18.

Plaintiff's further contention that the ALJ failed to include relevant limitations from Dr. Friedburg's opinion in hypotheticals posed to the VE merely rehashes her prior arguments about the RFC. Since the ALJ reasonably crafted the RFC, the court declines to analyze the issue again. *See Stubbs-Danielson*, 539 F.3d at 1175–76 (rejecting a step five argument that "simply

restates" arguments about medical evidence and testimony); *see also Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (acknowledging there is no requirement that testimony for which the ALJ has provided specific and legitimate reasons to discount be included in the hypothetical given the VE).

## CONCLUSION

For the reasons given above, the Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

DATED February 3, 2025.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge